ELLIOT ENOKI
United States Attorney
District of Hawaii

CHRIS A. THOMAS
Assistant U.S. Attorney
Room 6100, PJKK Federal Building
300 Ala Moana Blvd., Box 50183
Honolulu, Hawaii 96850
Telephone: 541-2850

Attorneys for Plaintiff
UNITED STATES OF AMERICA



IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF HAWAII

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | CR. NO. 01-00095 SOM |
| Plaintiff, | ) ) ) | SUPERSEDING INDICTMENT |
| vs. | ) ) | [21 U.S.C. §§ 841(a)(1), 841(b)(1)(A),(B) & (C), |
| NOEL NUNEZ-CEDANO, aka (01) "Richard", | ) ) | and 846, 18 U.S.C. §§ 1546 and 1956, 8 U.S.C. |
| MARTIN SORIA-GARCIA, aka (02) "Alex", | ) ) | §§ 1324(a)(1)(A)(iv) and 1326(a)] |
| JUAN MANUEL AQUINO-NAVARRO, (03) FELIPE DE JESUS AQUINO-NAVARRO, aka "Juan Lopez", (04) SUSAN ABELN, (05) | ) ) ) ) | |
| Defendants. | ) ) | |

INDICTMENT

COUNT 1:

The Grand Jury charges that:

From on or about October 2000, to and including March 8, 2001, in the District of Hawaii, and elsewhere,

**NOEL NUNEZ-CEDANO**, aka "Richard",
**MARTIN SORIA-GARCIA**, aka "Alex",
**JUAN MANUEL AQUINO-NAVARRO**,
**FELIPE DE JESUS AQUINO-NAVARRO**,
aka "Juan Lopez",

and
**SUSAN ABELN,**

defendants herein, did willfully and unlawfully conspire together with each other, and others known and unknown to the grand jury, to knowingly and intentionally possess with the intent to distribute, 1 kilogram or more of a mixture or substance containing heroin, a Schedule I controlled substance.

All in violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A) and 841(b)(1)(C).

It was the object of the aforesaid conspiracy to possess with intent to distribute heroin in Hawaii.

<u>Ways and Means of Accomplishing the Conspiracy</u>

1) NUNEZ-CEDANO belonged to an organization consisting of a group of predominantly Mexican nationals who obtained heroin from Mexico for distribution in Hawaii.

2) Various co-conspirators, to include Susan Abeln, acted as drug couriers, and traveled between Hawaii to the West Coast of the United States and Mexico to: (a) obtain and deliver heroin, and (b) deliver United States currency as payment for the heroin.

3) Once the heroin arrived in Hawaii, NUNEZ-CEDANO, SORIA-GARCIA and others repackaged the quantities of heroin into smaller quantities for distribution in Hawaii to purchasers, usually in fractions of an ounce or gram quantities.

4) The co-conspirators distributed the heroin on the Island of Hawaii for cash.

5) The co-conspirators concealed the income and assets derived from the sale of controlled substances through the use of wire transfers of U.S. currency and by having couriers carry large denominations of U.S. currency back to the West Coast of the United States and Mexico.

OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, the defendants performed overt acts in the District of Hawaii and elsewhere which include, but are not limited to, the following:

1. During the months from October 2000, through March 8, 2001, ABELN rented a house at 11-2104 Ohialani Road for NUNEZ-CEDANO.

2. During February 2001, NUNEZ-CEDANO made a telephone call from Hawaii to JUAN AQUINO-NAVARRO and FELIPE DE JESUS AQUINO-NAVARRO in Mexico.

3. On March 6, 2001, NUNEZ-CEDANO sent money via Western Union to Los Angeles to pay for the travel costs of JUAN AQUINO-NAVARRO and FELIPE DE JESUS AQUINO-NAVARRO.

4. On March 8, 2001, NUNEZ-CEDANO traveled to the Hilo Airport to meet JUAN AQUINO-NAVARRO and FELIPE DE JESUS AQUINO-NAVARRO.

5. On March 8, 2001, JUAN AQUINO-NAVARRO and FELIPE DE JESUS AQUINO-NAVARRO arrived at the Hilo Airport aboard a Hawaiian Airlines Flight.

6. On March 8, 2001, NUNEZ-CEDANO and SORIA-GARCIA kept approximately three pounds of heroin and one pound of cocaine at NUNEZ-CEDANO's residence.

All in violation of Title 21, United States Code, Section 846.

## COUNT 2:

The Grand Jury further charges that:

On or about March 8, 2001, within the District of Hawaii, **NOEL NUNEZ-CEDANO**, aka "Richard", and **MARTIN SORIA-GARCIA**, aka "Alex", did knowingly and intentionally possess with intent to distribute in excess of one kilogram of heroin, a Schedule I controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(B).

## COUNT 3:

The Grand Jury further charges that:

On or about March 8, 2001, within the District of Hawaii, **NOEL NUNEZ-CEDANO**, aka "Richard", and **MARTIN SORIA-GARCIA**, aka "Alex", did knowingly and intentionally possess with intent to distribute cocaine, a Schedule II controlled substance, in violation of Title 21, United States Code, Sections 841(a)(1), and 841(b)(1)(C).

## COUNT 4:

The Grand Jury further charges that:

On or about March 8, 2001, within the District of Hawaii, **NOEL NUNEZ-CEDANO**, aka "Richard", **MARTIN SORIA-GARCIA**,

aka "Alex", **JUAN MANUEL AQUINO-NAVARRO**, and **FELIPE DE JESUS AQUINO-NAVARRO**, aka "Juan Lopez", defendants herein, each individually possessed an immigration alien registration card, prescribed by statute or regulation for entry into or as evidence of authorized stay or employment in the United States, knowing it to be forged, counterfeited, altered or falsely made, or to have been otherwise procured by fraud or unlawfully obtained, in violation of Title 18, United States Code, Section 1546(a).

COUNT 5:

The Grand Jury further charges that:

From on or about October 2000, to and including March, 2001, in the District of Hawaii, and elsewhere,

**NOEL NUNEZ-CEDANO**, aka "Richard",

defendant herein, did willfully and unlawfully conspire with others known and unknown to the grand jury, to knowingly and intentionally conduct financial transactions affecting interstate commerce, such transactions involving the proceeds of a specified unlawful activity, that is the distribution of heroin, with the intent to promote the carrying on of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity, in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i) and 1956(a)(1)(B)(ii).

It was the object of the aforesaid conspiracy to launder monetary instruments.

OVERT ACTS

In furtherance of said conspiracy and to effect the objects thereof, the defendants performed overt acts in the District of Hawaii and elsewhere which include, but are not limited to, the following:

1. During each month from October 2000, through March, 2001, NUNEZ-CEDANO, transacted $600 in cash, derived from the sale of heroin, to pay for the rent of the home he resided in in Mountain View, Hawaii.

2. During the months from October 2000, through March, 2001, NUNEZ-CEDANO collected in excess of $10,000 in small denominations each week from the sale of black tar heroin.

3. During each week within the months from October 2000, through March, 2001, NUNEZ-CEDANO exchanged, at financial institutions, the small denominations of U.S. currency into $100 denominations of U.S. currency.

4. During each week within the months from October 2000, through March, 2001, NUNEZ-CEDANO structured the exchanges of the small denominations of U.S. currency into $100 denominations of U.S. currency so that amount exchanged did not exceed $10,000.00.

All in violation of Title 18, United States Code, Section 1956(h).

COUNT 6:

The Grand Jury further charges that:

On or about March 4, 2001, in the District of Hawaii and elsewhere, **NOEL NUNEZ-CEDANO**, aka "Richard", did willfully conduct a financial transaction affecting interstate commerce, to wit, by causing to be wired the amount of $2,600.00 via Western Union from Hawaii to Arizona, which involved the proceeds of a specified unlawful activity, that is the distribution of heroin, with the intent to promote the carrying on of specified unlawful activity, and that while conducting such financial transaction knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

COUNT 7:

The Grand Jury further charges that:

On or about March 6, 2001, in the District of Hawaii and elsewhere, **NOEL NUNEZ-CEDANO**, aka "Richard", did willfully conduct a financial transaction affecting interstate commerce, to wit, by causing to be wired the amount of $2,300.00 via Western Union from Hawaii to California, which involved the proceeds of a specified unlawful activity, that is the distribution of heroin, with the intent to promote the carrying on of specified unlawful activity, and that while conducting such financial transaction

knew that the property involved in the financial transaction, represented the proceeds of some form of unlawful activity.

All in violation of Title 18, United States Code, Section 1956(a)(1)(A)(i).

## COUNT 8:

The Grand Jury further charges that:

From on or about a date unknown, but from at least on or about March 1, 2001, to and including March 8, 2001, in the District of Hawaii and elsewhere, **NOEL NUNEZ-CEDANO**, aka "Richard", did encourage and induce an alien to come to, enter and reside in the United States, knowing and in reckless disregard of the fact that such coming to, entry and residence were in violation of law.

All in violation of Title 8, United States Code, Section 1324(a)(1)(A)(iv).

## COUNT 9:

The Grand Jury further charges that:

On or about March 8, 2001, within the District of Hawaii, the Defendant, **NOEL NUNEZ-CEDANO**, aka "Richard", was found in the United States after having been arrested and then removed from the United States on March 4, 2000, without first having obtained the consent of the Attorney General to re-enter the United States, in violation of Title 8, United States Code, Section 1326(a).

DATED: ~~May 16~~ May 16, 2001 at Honolulu, Hawaii.

A TRUE BILL

/S/

FOREPERSON, GRAND JURY

ELLIOT ENOKI
United States Attorney
District of Hawaii

CHRIS A. THOMAS
Assistant U.S. Attorney

U.S. vs. Noel Nunez-Cedano, et al.
"Superseding Indictment"
Cr. No. 01-00095 SOM